**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM R. VITZAKOVITCH, JR. and MARCEE A. VITZAKOVITCH, *Plaintiffs,*<br><br>v.<br><br>PENN EAST FEDERAL CREDIT UNION, *Defendant.* | Civil Action No.:<br><br>**COMPLAINT** |

Plaintiffs William R. Vitzakovitch, Jr. and Marcee A. Vitzakovitch, by and through their undersigned attorneys, allege the following against Penn East Federal Credit Union:

## PRELIMINARY STATEMENT

1. Plaintiffs William R. Vitzakovitch, Jr. ("Mr. Vitzakovitch") and Marcee A. Vitzakovitch ("Ms. Vitzakovitch," and together with Mr. Vitzakovitch, "Plaintiffs") bring this action against Penn East Federal Credit Union ("Penn East" or "Defendant") for violations of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693 et seq., and its implementing regulation, Regulation E, 12 C.F.R. Part 1005.

2. In April 2026, someone other than Plaintiffs used electronic transfers originated through the cryptocurrency exchange Coinbase to remove thousands of

dollars from their joint Penn East savings and money market accounts. Neither Plaintiff made or authorized those transfers, and neither received anything from them.

3. Mr. Vitzakovitch reported the transfers to Penn East the day he discovered them. Penn East's own records show that, before the transfers began, a computer connecting from an internet address he does not use was added to his online banking profile and designated as a trusted device. Penn East denied the claim, and denied it again on reconsideration.

4. Penn East has not reimbursed Plaintiffs for any part of the transfers. They seek actual damages, statutory damages, treble damages, and attorneys' fees and costs.

## JURISDICTION AND VENUE

5. The Court has jurisdiction pursuant to 15 U.S.C. § 1693m(g) and 28 U.S.C. § 1331.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiffs reside in this District, Defendant maintains its offices in this District, and a substantial part of the events and occurrences underlying this litigation occurred within this District.

## PARTIES

7. Plaintiff William R. Vitzakovitch, Jr. is a natural person residing in Greenfield Township, Lackawanna County, Pennsylvania.

8. Plaintiff Marcee A. Vitzakovitch is a natural person residing in Greenfield Township, Lackawanna County, Pennsylvania.

9. Each Plaintiff is a "consumer" as defined by 15 U.S.C. § 1693a(6).

10. Defendant Penn East Federal Credit Union is a federal credit union with offices in Lackawanna County, Pennsylvania. Penn East holds consumer accounts and is a "financial institution" as defined by 15 U.S.C. § 1693a(9) and 12 C.F.R. § 1005.2(i).

## FACTUAL ALLEGATIONS

### The Accounts

11. Mr. Vitzakovitch has been a member of Penn East for many years. Under his member number ending in 6400, Plaintiffs jointly hold a Primary Savings account and a Money Market account (together, the "Accounts"), as well as a checking account. Plaintiffs use the Accounts for personal, family and household purposes.

12. Plaintiffs use the Accounts mainly as savings and check them from time to time.

### The Unauthorized Transfers

13. Penn East's records of activity on Mr. Vitzakovitch's online banking profile show that at or about noon on March 25, 2026, a desktop computer connecting

from an internet address that Mr. Vitzakovitch does not use was added to the profile and designated as a trusted device. Mr. Vitzakovitch did not add that device, did not share his Penn East login credentials with anyone, and does not recall receiving any passcode from Penn East at that time.

14. Penn East's records show further logins to the profile over the following weeks from internet addresses that Penn East itself identified as assigned to an internet service provider that Mr. Vitzakovitch does not use.

15. On or about April 6, 2026, a series of small deposits originated by Coinbase, Inc. ("Coinbase"), an online cryptocurrency exchange, posted to the Accounts.

16. Between on or about April 6 and April 20, 2026, Coinbase originated six debits that removed a total of $13,529.99 from the Accounts (the "Unauthorized Transfers").

17. Neither Plaintiff made or authorized the Unauthorized Transfers, authorized anyone to connect the Accounts to Coinbase, or received any benefit from the Unauthorized Transfers. Neither Plaintiff has ever had a Coinbase account.

18. Penn East did not alert Mr. Vitzakovitch to any of the Unauthorized Transfers.

**Notice to Penn East**

19. Mr. Vitzakovitch discovered the Unauthorized Transfers on August 10, 2026, when he reviewed the Accounts.

20. The same day, Mr. Vitzakovitch reported the Unauthorized Transfers to Penn East by telephone and then by email, attaching a written dispute stating that he had not authorized the transfers and asking Penn East to investigate them under the EFTA and Regulation E. By email dated August 10, 2026, Penn East confirmed that it had received his dispute.

21. Mr. Vitzakovitch also reported the Unauthorized Transfers to the Greenfield Township Police Department on August 10, 2026, and to the Federal Bureau of Investigation's Internet Crime Complaint Center on August 11, 2026.

**Penn East's Response**

22. On or about August 10, 2026, Penn East reversed a $29.00 fee it had charged to the Primary Savings account in connection with the Coinbase activity, recording the reason as "Account compromised."

23. By letter dated August 21, 2026, Penn East denied Mr. Vitzakovitch's claim. The letter stated that the transfers had occurred after the Accounts were verified through a micro-deposit process and that Penn East had not found sufficient evidence that the transfers were unauthorized.

24. Mr. Vitzakovitch asked Penn East to reconsider, and asked it to identify the basis, including any provision of Regulation E, on which it held him liable for the transfers.

25. By letter dated September 8, 2026, Penn East adhered to its denial, stating that "we did not identify sufficient evidence to establish that the disputed Coinbase transactions were unauthorized." Responding to Mr. Vitzakovitch's questions about the basis on which it held him liable, Penn East also stated: "Regulation E does not indicate liability; however, the timing was considered."

26. The September 8, 2026 letter also stated that Penn East's review "did not identify evidence of unauthorized access, account takeover, or other indicators that a third party gained control of your online banking credentials."

27. Neither of Penn East's letters informed Mr. Vitzakovitch that he could request copies of the documents on which Penn East relied in reaching its determination.

28. By letter and email dated September 10, 2026, Mr. Vitzakovitch again disputed the Unauthorized Transfers and asked Penn East to provide the evidence showing that he had authorized them. Penn East did not provide it.

29. Penn East has not reimbursed Plaintiffs for any part of the Unauthorized Transfers.

**Damages**

30. Plaintiffs have been deprived of the $13,529.99 removed from the Accounts and of the use of those funds.

31. As a result of Penn East's misconduct, Mr. Vitzakovitch has suffered substantial emotional distress, including but not limited to:

a. worry and anxiety over Penn East's refusal to return his savings;
b. frustration, anger and helplessness at being held responsible for transfers he did not make;
c. loss of sleep and nightmares;
d. difficulty concentrating;
e. embarrassment with family and friends; and
f. disruption of family plans.

32. Mr. Vitzakovitch re-experienced this distress each time Penn East rejected his dispute.

## STATUTORY FRAMEWORK

33. Congress enacted the EFTA to establish "the rights, liabilities, and responsibilities of participants in electronic fund and remittance transfer systems," with the "primary objective" of protecting individual consumer rights. 15 U.S.C. § 1693(b). The EFTA is implemented by Regulation E, 12 C.F.R. Part 1005.

34. An "unauthorized electronic fund transfer" is a transfer from a consumer's account initiated by a person other than the consumer without actual authority to initiate the transfer and from which the consumer receives no benefit. 15 U.S.C. § 1693a(12).

35. Under 15 U.S.C. § 1693g, a consumer's liability for unauthorized transfers is limited to the lesser of $50 or the amount of the unauthorized transfers where, as here, the consumer notifies the financial institution within two business days after learning of the loss or theft of the access device. The burden of proof is on the financial institution to show that the transfer was authorized. 15 U.S.C. § 1693g(b).

36. Pursuant to the Official Interpretations to Regulation E, 12 C.F.R. pt. 1005, Supp. I, cmt. 6(b)-2, "[n]egligence by the consumer cannot be used as the basis for imposing greater liability than is permissible under Regulation E."

37. Under 15 U.S.C. § 1693f, once a consumer provides notice of an error, including an unauthorized transfer, the financial institution must investigate the alleged error, determine whether an error occurred, and report the results to the consumer. If the institution determines that no error occurred, it must deliver an explanation of its findings and notify the consumer of the right to request reproductions of the documents on which it relied. 15 U.S.C. § 1693f(d).

38. Under 15 U.S.C. § 1693f(e), treble damages are available where the financial institution knowingly and willfully concluded that no error occurred when that conclusion could not reasonably have been drawn from the evidence available to it at the time of its investigation.

39. Under 15 U.S.C. § 1693m, a financial institution that fails to comply with the EFTA is liable for the consumer's actual damages, statutory damages of not

less than $100 and not more than $1,000, and the costs of the action together with reasonable attorneys' fees.

## COUNT I

*Liability for Unauthorized Electronic Fund Transfers, 15 U.S.C. § 1693g*

40. Plaintiffs repeat and re-allege each of the foregoing paragraphs of this Complaint as if fully set forth herein.

41. The Unauthorized Transfers were electronic fund transfers from Plaintiffs' accounts initiated by a person other than Plaintiffs without actual authority to initiate them, from which Plaintiffs received no benefit. They were unauthorized electronic fund transfers within the meaning of 15 U.S.C. § 1693a(12).

42. Mr. Vitzakovitch notified Penn East of the Unauthorized Transfers on August 10, 2026, the day he learned of them. Plaintiffs' liability for the Unauthorized Transfers is limited by 15 U.S.C. § 1693g(a).

43. Penn East bears the burden of proving that the Unauthorized Transfers were authorized, 15 U.S.C. § 1693g(b), and cannot meet it. That the Accounts were connected to Coinbase through a micro-deposit verification, or that the online banking profile was accessed, does not show that Plaintiffs authorized the transfers, and Penn East's own records show that a computer connecting from an internet address Mr. Vitzakovitch does not use was added to the profile and designated as trusted before the transfers began. Any carelessness Penn East may

attribute to Plaintiffs cannot increase their liability. 12 C.F.R. pt. 1005, Supp. I, cmt. 6(b)-2.

44. By refusing to reimburse Plaintiffs for the Unauthorized Transfers beyond the amount permitted by 15 U.S.C. § 1693g, Penn East violated 15 U.S.C. § 1693g.

45. Penn East is therefore liable to Plaintiffs for actual damages, statutory damages, treble damages, and attorneys' fees and costs. 15 U.S.C. §§ 1693m, 1693f(e).

**COUNT II**

*Failure to Conduct a Reasonable Investigation, 15 U.S.C. § 1693f*

46. Plaintiffs repeat and re-allege each of the foregoing paragraphs of this Complaint as if fully set forth herein.

47. Mr. Vitzakovitch's telephone reports and written dispute of August 10, 2026 were notices of error under 15 U.S.C. § 1693f(a).

48. Penn East failed to conduct a good faith, reasonable investigation of Mr. Vitzakovitch's notices of error. Among other things, Penn East concluded that there was no evidence of an account takeover although its own records showed a computer connecting from an internet address Mr. Vitzakovitch does not use added to his online banking profile and designated as trusted, and logins from internet addresses it identified as assigned to a provider Mr. Vitzakovitch does not use; treated the micro-deposit verification as evidence that Plaintiffs authorized the

transfers without identifying who completed that verification; recorded the Primary Savings account as compromised while concluding that it lacked sufficient evidence that the transfers were unauthorized; did not provide the documents on which it relied when Mr. Vitzakovitch asked for them; and did not, in either determination letter, notify Mr. Vitzakovitch of his right to request the documents on which it relied.

49. Penn East's conclusion that no error occurred could not reasonably have been drawn from the evidence available to it at the time of its investigation and, upon information and belief, was reached knowingly and willfully.

50. Penn East's failures violated 15 U.S.C. § 1693f.

51. Penn East is therefore liable to Plaintiffs for actual damages, statutory damages, treble damages, and attorneys' fees and costs. 15 U.S.C. §§ 1693m, 1693f(e).

**COUNT III**

*Placing the Burden of Proof on the Consumer, 15 U.S.C. §§ 1693g(b), 1693f*

52. Plaintiffs repeat and re-allege each of the foregoing paragraphs of this Complaint as if fully set forth herein.

53. The EFTA places on the financial institution the burden of showing that a disputed electronic fund transfer was authorized. 15 U.S.C. § 1693g(b). As the Federal Reserve has explained, "the EFTA places the burden of proof on the

financial institution to establish that the transaction was authorized." Kenneth J. Benton, *Error Resolution Procedures Under the Electronic Fund Transfer Act and Regulation E*, Consumer Compliance Outlook (Fed. Reserve Bank of Phila., 3d issue 2025).

54. Penn East repeatedly reversed that burden, including in its letters to Mr. Vitzakovitch dated August 21, 2026 and September 8, 2026, in which it denied the claim on the stated ground that it had not found sufficient evidence that the Unauthorized Transfers were unauthorized, not on any showing that Plaintiffs authorized them.

55. By requiring Plaintiffs to establish that the Unauthorized Transfers were unauthorized, and denying the claim when it found the evidence insufficient, Penn East violated 15 U.S.C. §§ 1693g and 1693f. *See Sparkman v. Comerica Bank*, No. 23-cv-02028-DMR, 2023 WL 5020269 (N.D. Cal. Aug. 4, 2023) (denial on the ground that the institution "cannot confirm that fraud occurred" stated a claim under § 1693g(a) and (b) because the institution failed to show the transfers were authorized).

56. Penn East's imposition of the burden of proof on Plaintiffs, contrary to the statute, was a knowing and willful conclusion that their account was not in error when that conclusion could not reasonably have been drawn from the evidence available to it at the time of its investigation. 15 U.S.C. § 1693f(e)(2).

57. Penn East is therefore liable to Plaintiffs for actual damages, statutory damages, treble damages, and attorneys' fees and costs. 15 U.S.C. §§ 1693m, 1693f(e).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs seek judgment in their favor and damages against Defendant as follows:

A. awarding Plaintiffs actual damages, statutory damages, and treble damages;

B. awarding Plaintiffs costs and reasonable attorneys' fees; and

C. such other and further relief as may be necessary, just, and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs hereby demand a trial by jury of all issues triable by jury.

Dated: November 6, 2026

*<u>/s/ David A. Nagdeman</u>*

David A. Nagdeman (PA ID No. 327652)
Irv Ackelsberg (PA ID No. 23813)
LANGER GROGAN & DIVER P.C.

1717 Arch Street, Suite 4020
Philadelphia, PA 19103
T: 215-320-0877
E: dnagdeman@langergrogan.com
E: iackelsberg@langergrogan.com

*/s/ Daniel A. Schlanger*
Daniel A. Schlanger
(pro hac vice application forthcoming)
SCHLANGER LAW GROUP, LLP
26300 Cedar Road, Suite 1105
Beachwood, OH 44122
T: 212-500-6114
F: 646-612-7996
E: dschlanger@consumerprotection.net

Counsel for Plaintiffs